UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNATHAN M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 24-12440
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 16); ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11); GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13); AND AFFIRMING THE COMMISSIONER'S DECISION**

## I.     Introduction

Plaintiff Johnathan M. appeals the final decision of defendant Commissioner of Social Security (the "Commissioner"), who denied his application for childhood disability benefits ("CDB"), disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the Social Security Act. ECF No. 1. Pursuant to E.D. Mich. LR 72.1(b)(3), this matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 9. Both parties filed motions for summary judgment. ECF Nos. 11, 13.

On July 30, 2025, the magistrate judge issued a Report and Recommendation ("R&R"). ECF No. 15. The R&R recommends that plaintiff's motion be denied; the Commissioner's motion be granted; and the Commissioner's decision be affirmed under sentence four of 42 U.S.C. § 405(g). *Id.* Plaintiff timely filed objections to the R&R. ECF No. 16.

## II.     Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). De novo review is only required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to

independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III. Analysis

Plaintiff's sole challenge to the R&R is that the magistrate judge erred in finding that the ALJ properly considered plaintiff's subjective symptoms. Specifically, plaintiff argues that the ALJ erred "in relying heavily on a January 2023 primary care visit to conclude plaintiff was not credible about his subjective symptoms." ECF No. 16. PageID.1593. Plaintiff asserts the magistrate judge's reasoning that this January 2023 visit "aligned with other evidence dating from 2010 to 2019" did not properly consider the "ample evidence" he cited in his opening brief about his "waxing and waning symptoms." *Id.* at PageID.1594. He also argues that the magistrate judge's reliance on *DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 726 (6th Cir. 2014) in her holding that plaintiff was "requesting the Court to impermissibly reweigh the evidence" is inapposite. *See id.* at PageID.1593.

The Court first addresses plaintiff's argument regarding the magistrate judge's reliance on *DeLong*, which he asserts is inapplicable because that case addressed the recovery of attorney fees under the Equal Access to Justice Act. This argument ignores that the cited portion of

*DeLong* simply acknowledges a basic tenet of the federal courts' standard of review for social security appeals:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the court to independently weigh or resolve conflicts in the evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The argument also ignores that the R&R cites at least two other cases that address the impermissibility of reweighing evidence considered by the ALJ. *See* ECF No. 15, PageID.1576, 1588.

The remainder of plaintiff's objection simply reiterates arguments presented in the summary judgment briefs and does not constitute an appropriate objection. *Carr v. Comm'r of Soc. Sec.*, 2022 WL 3362268, at *2 (E.D. Mich. Aug. 15, 2022) (restated arguments previously presented do not sufficiently identify alleged errors by the magistrate judge and

undermine the purpose of the Federal Magistrate's Act to reduce duplicative work and conserve judicial resources).

The Court agrees with the R&R's conclusion that the ALJ properly considered plaintiff's subjective symptoms and addressed "treatment records that show exacerbation of symptoms but [that he] is generally stable on medication. ECF No. 7-1, PageID.64. Plaintiff's argument that his subjective symptoms had a more significant impact on him than is reflected in the decision is merely an invitation for the Court to reweigh the evidence presented to the ALJ. And as stated above, the Court may not reweigh evidence and thus must decline plaintiff's invitation to do so. *See Dyson v. Comm'r or Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019). Plaintiff's objection is overruled.

## IV. Conclusion

For the reasons above, plaintiff's objection to the R&R (ECF No. 16) is **OVERRULED**. The Court **ADOPTS** the R&R (ECF No. 15), **DENIES** plaintiff's motion for summary judgment (ECF No. 11), and **GRANTS** the Commissioner's motion for summary judgment (ECF No. 13). Judgment shall issue in favor of the Commissioner, **AFFIRMING** the Commissioner's decision that plaintiff is not disabled under sentence four of 42 U.S.C. § 405(g).

|  |  |
|---|---|
|  | s/ Shalina D. Kumar |
|  | SHALINA D. KUMAR |
| Dated: September 30, 2025 | United States District Judge |